IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GABRIEL BUITRON, )<br>                                )<br>       Petitioner, )<br>                                )<br>vs. )<br>                                )<br>WARDEN, )<br>                                )<br>       Respondent. ) | CIVIL NO. 06-421-DRH |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

      Petitioner, an inmate in the Federal Correctional Institution at Greenville, Illinois, brings this habeas corpus action to challenge his current confinement. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

      Petitioner previously filed a § 2241 petition in this District, and the instant case presents overlapping claims. In that prior case, the factual background was summarized as such:

> On December 5, 1997, petitioner, Gabriel Buitron, was convicted in Mexico for the strangulation death of a Mexican national. He was sentenced to 330 months and transferred to the United States, pursuant to a treaty, to serve this foreign sentence. Upon arrival in

> the United States, the United States Parole Commission in accordance with 18 U.S.C. § 4106A(b)(1)(A), ordered that petitioner serve a sentence of 312 months. This sentence was imposed on May 16, 2003, after petitioner was interviewed by a probation officer and a psychologist, after he participated in two Parole Commission Hearings, and after his case was reviewed by a Parole Commission attorney. Petitioner's guideline range was 97 to 121 months; however, the Parole Commission determined that an upward departure was appropriate. Upon direct review of the sentence, the Fifth Circuit Court of Appeals, in an unpublished opinion, affirmed the decision of the Parole Commission and the sentence imposed. *Buitron v. U.S. Parole Comm'n*, 73 Fed. Appx. 759 (5th Cir. 2003). The Fifth Circuit found that the Parole Commission did not abuse its discretion in departing upward from the Sentencing Guidelines. *Id.,* at 763-63.

*Buitron v. Veltri*, Case No. 04-cv-676-WDS (S.D. Ill., Doc. 13 filed Sept. 6, 2005).

In the 190-page petition and brief filed in this action (Doc. 1), Petitioner argues that (1) 28 U.S.C. § 2241 and 28 U.S.C. § 2255 are unconstitutional and void; (2) 18 U.S.C. § 3231 and 18 U.S.C. § 2 are unconstitutional and void; (3) his counsel was constitutionally ineffective; (4) that facts determining his sentence were not found by the jury beyond a reasonable doubt; (5) the government has committed a fraud by imprisoning Petitioner and others pursuant to unconstitutional statutes; and (6) the court violated the separation of powers doctrine. Not all of these claims were presented in the prior § 2241 case in this District. However, in that case, the Honorable William D. Stiehl correctly found that Petitioner's claims could and should have been raised in his direct appeal to the Fifth Circuit or, in the alternative, his claims could and should have been brought pursuant to 28 U.S.C. § 2255 in the court where he was sentenced. Accordingly, that petition was dismissed for lack of jurisdiction, and no appeal was taken from that judgment.

Because he believes § 2241 and § 2255 are void, Petitioner asserts jurisdiction for this action under 28 U.S.C. § 451, *et seq*. These statutes contain only definitions and general provisions, not

any jurisdictional basis for challenging a conviction or sentence. Therefore, because this action is an effort to challenge the validity of his conviction and sentence, it is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

If Petitioner wishes to attack his federal sentence, he ***must*** file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition. Accordingly, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   July 6, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**

any jurisdictional basis for challenging a conviction or sentence. Therefore, because this action is an effort to challenge the validity of his conviction and sentence, it is, in substance, a collateral attack on a conviction that must be pursued under 28 U.S.C. § 2255. *See United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005).

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Id.* at 980.

If Petitioner wishes to attack his federal sentence, he ***must*** file a motion to vacate, set aside or correct sentence in the federal court which entered judgment. *See* 28 U.S.C. § 2255. Because this Court is not the federal court which entered judgment against Petitioner, this Court has no jurisdiction to address the merits of the instant petition. Accordingly, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   July 6, 2006.**

/s/   David   RHerndon
**DISTRICT JUDGE**